UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. MOORE, SR., | 2:25-cv-2880-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| TANI CANTIL-SAKAYUE, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Stephen Moore is a state prisoner proceeding without counsel and seeking relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, the complaint fails to state a claim and should be dismissed without leave to amend.

**I.      In Forma Pauperis**

Plaintiff requests to proceed in forma pauperis. Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will

1

be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.     Allegations in the Complaint

Plaintiff brings claims in connection with a criminal resentencing proceeding that took place in 2023. (ECF No. 1 at 3-4.) Defendants are the superior court judge, plaintiff's public defender, and plaintiff's attorney on appeal. (See id. at 2-5.)  Plaintiff alleges violations of due process, double jeopardy, and ineffective assistance of counsel during the proceeding. (Id.)

## IV.     Discussion

First, plaintiff is incarcerated and his complaint does not indicate the conviction or sentence at issue has been invalidated or reversed. As a result, it appears this federal civil rights action is precluded by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff proceeding under 42 U.S.C. § 1983 must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable. Id. at 487.

Here, a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence, and therefore cannot be maintained unless plaintiff can demonstrate the conviction or sentence has been invalidated. See Heck, 512 U.S. at 487. However, the only fair inference from plaintiff's complaint is that the conviction and sentence at issue in the

2

resentencing proceeding have not been invalidated in any of the ways specified in Heck.

Second, even if plaintiff overcame the Heck bar, the complaint still fails to state a claim on which relief can be granted. Plaintiff does not name a defendant who can be sued under 42 U.S.C. § 1983 for the alleged conduct.

With limited exceptions, judges and other judicial officers are absolutely immune from suit for judicial acts. See Forrester v. White, 484 U.S. 219, 227 (1988); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is overcome in only two sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; second, a judge is not immune for actions taken in the complete absence of any jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991). "[Judicial] immunity applies even when the judge is accused of acting maliciously and corruptly[.]" Pierson v. Ray, 386 U.S. 547, 554 (1967); see also, e.g., Mireles, 502 U.S. 9, 12-13 (1991) (upholding absolute immunity for a judge who allegedly ordered that person be arrested with excessive force).

Plaintiff also has no claim against either attorney who represented him. Neither retained nor court-appointed counsel act under color of state law for purposes of 42 U.S.C. § 1983. See Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1345 (9th Cir. 1981), aff'd in part, rev'd in part on other grounds, Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984). To state a claim under § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

A public defender representing a client in the lawyer's traditional adversarial role is not a state actor for purposes of 42 U.S.C. § 1983. See Vermont v. Brillon, 556 U.S. 81, 91 (2009) ("assigned counsel ordinarily is not considered a state actor") (citing Polk County v. Dodson, 454 U.S. 312 (1981)). The challenged actions or omissions by both defendant attorneys relate to their traditional adversarial roles in plaintiff's state criminal proceedings. See Vermont v. Brillon, 556 U.S. at 91. Plaintiff does not allege any conduct by the attorney defendants that could qualify as actions under color of state law for purposes of § 1983.

////

3

The complaint must be dismissed as <u>Heck</u>-barred and because plaintiff does not name a defendant who can be sued under the civil rights statute in connection with his criminal re-sentencing proceeding. <u>See</u> 28 U.S.C. § 1915A(b).

## V.    Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato v. United States</u>, 70 F.3d 1103, 1105-06 (9th Cir. 1995). In this instance, further amendment would be futile. Plaintiff cannot state a civil rights claim against the presiding judge or against the attorneys who represented him in their traditional roles in connection with his criminal re-sentencing proceeding. The complaint should be dismissed without leave to amend. <u>See</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

## VI.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

You cannot bring a claim under the civil rights statute for your allegations against these defendants in connection with your criminal resentencing proceeding relating to a conviction or sentence which has not been overturned or otherwise invalidated. The undersigned is recommending this case be dismissed without leave to amend. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations" and state the specific facts you could allege to state a claim.

## VII.    Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED as follows:

1.    Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.    The Clerk of the Court is directed to assign a district judge to this case.

////

In addition, IT IS HEREBY RECOMMENDED as follows:

1.  Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A(b).

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 7, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 moor2880.scrn.fr

5